IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| STEVE PERRY MCDONALD, | : |
| Petitioner, | : |
| VS. | : 1 : 09-CV-152 (WLS) |
| DWIGHT HAMRICK, WARDEN, | : |
| Respondent. | : |

## RECOMMENDATION

Presently pending in this federal habeas petition is the Respondent's Motion to Dismiss for Lack of Exhaustion. The Petitioner challenges his June 2002 Seminole County convictions and sentences for malice murder, possession of a firearm during commission of a crime, and possession of a firearm by a convicted felon. Petitioner received a total sentence of life imprisonment plus ten (10) years. The Respondent maintains that the Petitioner presently has a Motion for New Trial pending in the state court system and that his claims for federal habeas relief have thus not been fully exhausted. The Petitioner argues that the undue delay he has experienced in his state court proceedings excuses the exhaustion requirement herein.

*Factual background*

Following his June 2002 convictions, the Petitioner filed a state habeas petition on July 9, 2004, alleging that he had been denied the right to a direct appeal. The state habeas court granted the Petitioner an out-of-time appeal from his Seminole County convictions on October 5, 2004. Petitioner, represented at trial by an attorney who had since died, obtained new counsel, Edward Collier, and filed a motion to dismiss the direct appeal in the Georgia Supreme Court so that he

could instead pursue a motion for new trial. Petitioner's direct appeal was dismissed as untimely by the Georgia Supreme Court on December 1, 2005, as it had not been timely filed following the granting of the out-of-time appeal.

On December 20, 2005, Petitioner filed a motion in the trial court seeking another out-of-time appeal, and this motion was granted on January 3, 2006. On January 13, 2006, the Petitioner filed a motion for new trial.

In July 2006, the Petitioner filed *pro se* motions requesting the dismissal of his appointed appellate counsel Mr. Collier and seeking the appointment of new appellate counsel. Mr. Collier continued to represent the Petitioner, however, as evidenced by the filing of an amended motion for new trial on September 5, 2007. Hearings scheduled in December 2007 and January 2008 were apparently not held, although the Respondent points out that the Petitioner changed counsel during this time and that on January 10, 2008, Leonard Farkas entered a notice of appearance as retained counsel for the Petitioner. On January 26, 2009, the Petitioner requested that Mr. Farkas withdraw from the case, followed by Petitioner filing a motion to remove Mr. Farkas from the case in June 2009, based on Mr. Farkas' failure to identify any grounds for a motion for new trial after reviewing the case. The trial court granted this motion to remove Mr. Farkas as counsel for the Petitioner on June 24, 2009.

On February 5, 2009, the Petitioner filed an application for appointment of counsel in his state proceedings. He filed a *pro se* amended motion for new trial on July 10, 2009. The Respondent states on information and belief following conversations with the District Attorney for the Pataula Judicial Circuit that the District Attorney is aware of the Petitioner's pending motion for new trial and request for appointed counsel, that the District Attorney has requested that the Public Defender's office grant the request for counsel and that the District Attorney intends to schedule a hearing in

the Petitioner's case as soon as possible. The Petitioner executed this federal habeas petition on October 8, 2009.

*Exhaustion*

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). The Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *Id.* at 845. The Petitioner bears the burden of proving that he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *Toulson v. Beyer*, 987 F.2d 984, 987 (3rd Cir. 1993); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir. 1997); *Mack v. Singletary*, 142 F.Supp.2d 1369, 1375 (S.D.Fl. 2001).

In order to satisfy this exhaustion requirement, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Rather, the Petitioner must present the state court with both the facts and the legal theories upon which he relies. *Galtieri v. Wainwright*, 582 F.2d 348, 353 (5th Cir. 1978). State remedies may not be considered exhausted "even though the prior state proceeding technically asserted the same constitutional deficiency and the same facts are

3

urged in a federal court but in support of a different legal theory." *Hart v. Estelle*, 634 F.2d 987, 989 (5th Cir. 1981).

In his response to the Respondent's Motion to Dismiss, the petitioner argues that he has experienced unreasonable delays in the state court system since he was first granted an out-of-time appeal and filed a Motion for New Trial on January 13, 2006. "State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief." *Cook v. Florida Parole & Probation Comm'n.*, 749 F.2d 678, 679 (11th Cir. 1985); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (finding that petitioners may be excused from satisfying the exhaustion requirements when the "state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights.").

Herein, the delay in the Petitioner's state court proceedings is neither unreasonable nor unexplained. Petitioner changed counsel twice during the three (3) years and nine (9) months in question between the filing of his out-of-time appeal and first motion for new trial in January 2006, and the filing of this federal habeas petition in October 2009. When represented by Leonard Farkas between January 2008 and January 2009, Mr. Farkas' review of the case apparently resulted in a conclusion that no grounds for a motion for new trial existed, creating further delay. The Respondent submits that the District Attorney is now aware of the Petitioner's pending motion for new trial and his motion for appointment of counsel and that an attorney will be appointed and a hearing will be set as soon as possible. The record herein does not reveal the basis for excusing the exhaustion requirement based on unreasonable, unexplained state delays in acting on the Petitioner's motion for state relief. *See Cook*, 749 F.2d at 680 (delay of three and one-half years in ruling on state habeas motion not unreasonable or unjustified, when delay was based on state's desire to

4

provide full and fair hearing and petitioner's own activities that resulted in incarceration in another state.); *cf. Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) (State had failed to act on numerous habeas petitions, had failed to appoint counsel to assist petitioner and could not assure future appointment, thereby admitting the futility of further resort to its own courts and waiving exhaustion). The Court finds that the Petitioner has failed to discharge his burden to establish that the delays in the state court system excuse or waive the exhaustion requirement. *Toulson*, 987 F.2d at 987; *Lambert*, 134 F.3d at 513.

Inasmuch as the Petitioner has failed to pursue available state court remedies regarding the grounds for relief raised in this federal habeas petition, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss be **GRANTED** and that this federal habeas corpus petition be **DISMISSED** without prejudice to the Petitioner's right to refile once he has exhausted the remedies available to him in the state court system. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 14th day of July, 2010.

S/ *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE

asb